IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MALACHAI Z. DEBRUCE, | § | |
| (f/k/a Michael D. Glenn), | § | |
| | § | No. 264, 2019 |
| Defendant Below– | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID 1608006240 (K) |
| | § | |
| Plaintiff Below– | § | |
| Appellee. | § | |

Submitted: June 25, 2019
Decided: August 29, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Malachai Z. DeBruce, appeals from the Superior Court's June 7, 2019 order sentencing him for his second violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of DeBruce's opening brief that his appeal is without merit. We agree and affirm.

(2) The record reflects that DeBruce pleaded guilty to one count of felony theft on August 25, 2016. The Superior Court sentenced DeBruce to

two years of Level V imprisonment, suspended after six months for one year of Level III probation. In February of 2018, the Superior Court found DeBruce had violated the terms of his probation and sentenced him to eighteen months of Level V incarceration, suspended after six months for nine months of Level IV work release to be followed by one year of Level III probation. DeBruce filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a), which the Superior Court denied. DeBruce appealed.

(3) On appeal, the State acknowledged that the total suspended portion of DeBruce's original sentence was eighteen months and, thus, conceded that the Superior Court's VOP sentence totaling twenty-seven months was illegal. We reversed the Superior Court's denial of DeBruce's motion for correction of an illegal sentence and remanded with directions for the Superior Court to correct its sentence by reducing the Level III portion of DeBruce's VOP sentence from one year to three months.[1]

(4) On remand, the Superior Court sentenced DeBruce to eighteen months of Level V incarceration, suspended after six months for nine months of Level IV work release to be followed by three months of Level III probation. As corrected, DeBruce's sentence totaled eighteen months.

---

[1] *DeBruce v. State*, 2018 WL 5809814 (Del. Nov. 5, 2018).

(5)    A probation administrative warrant was issued for DeBruce on May 23, 2019, alleging that DeBruce had violated the terms of his probation by committing new criminal offenses.  On June 7, 2019, the Superior Court found DeBruce had violated the terms of his probation and sentenced him to eleven months of Level V incarceration, with credit for time served.  DeBruce appeals.

(6)    DeBruce does not dispute that he violated the terms of his probation.  His sole issue on appeal relates to his sentence.  DeBruce argues that the Superior Court did not comply with this Court's prior order and contends that, under that order, the maximum Level V sentence the court could have imposed at his June 7, 2019 VOP hearing was three months, or the Level III portion of his corrected sentence.  DeBruce is incorrect.  We reversed DeBruce's February 2018 VOP sentence because it exceeded the balance of the Level V time remaining under his original sentence and the Superior Court corrected DeBruce's sentence to comply with our order.  This Court's review of a sentence generally is limited to determining whether the sentence is within statutory limits.[2]  Once the State has proven by a preponderance of evidence that a VOP has occurred, the Superior Court is authorized to impose any period of incarceration up to and including the balance of the Level V

_____

[2] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).

3

time remaining to be served on the original sentence.[3] Accordingly, the Superior Court could have sentenced DeBruce up to the balance of the Level V time remaining on his original sentence—at that point, twelve months. His sentence of eleven months of Level V time was not improper.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] 11 *Del. C.* § 4334(c).